UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLE McCORMICK,<br>JESUS ESTRADA and<br>JUSTICE KIMMONS,<br><br>Individually and On Behalf of All<br>Others Similarly Situated,<br>      Plaintiffs,<br>  vs.<br><br><br>AMERICAN CRUISE LINES, INC.,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL CASE NO. 3:15-cv-741 VLB<br>)<br>)<br>)<br>)<br>)<br>)  FEBRUARY 27, 2017<br>) |

**CLASS COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN
<u>AWARD OF ATTORNEYS' FEES AND EXPENSES</u>**

PRELIMINARY STATEMENT

Plaintiffs and the Class are represented by attorneys at the firms of Blau Leonard Law Group, LLC and Brown Paindiris & Scott, LLP. Counsel have represented Plaintiffs without compensation under a straight one-third (1/3) contingent fee arrangement (Blau Decl., ¶ 27). Class counsel seek a discounted twenty eight percent (28%) of the $ 1,000,000.00 settlement fund, or $280,000.00, as attorneys' fees and costs in the amount of $3,579.00. As fully set forth in the Memorandum in Support of the Consent Motion for Final Approval of Class Action Settlement, filed concurrently on this date, the results obtained in this litigation and settlement for the plaintiff class are excellent. Former employees who worked for the defendant American Cruise Lines, Inc. ("ACL") will, under the

terms of the settlement, obtain an average of $473 per person representing wages for a time period between, on average, anywhere from 1 to 12 weeks. (Affidavit of Jarrod Salinas, attached as Exhibit "3" to Declaration of Steven Blau "Blau Declaration," para. 14.)

Class counsel contend that attorney's fees in the instant litigation should be calculated using the percentage method, rather than the lodestar method. Awarding a discounted percentage of the settlement fund, is preferable as a matter of practice, because it incentivizes attorneys to litigate cases efficiently and with the highest settlement amount; it promotes early resolution, and it preserves judicial resources. The requested fee is warranted because Class Counsel took a substantial risk in prosecuting this case in the face of contrary legal precedent and notwithstanding, obtained a favorable result, in which Plaintiffs and members of the Class were the prevailing parties.

There have been no objections to the requested attorneys' fees by Named Plaintiffs, any Class member, by Defendant and/or its legal counsel. (Blau Decl., ¶28). Counsel represent that they can make available to the Court (for an *in camera* inspection), upon request, contemporaneous time billing records reflecting attorney's fees calculated on a loadstar basis. (Blau Decl., ¶31, declaration of Bruce E. Newman "Newman Declaration" para. 4.) Therefore, as fully discussed below, the requested fees and expenses are reasonable and should be awarded.

# ARGUMENT

## I. CLASS COUNSEL'S ATTORNEYS' FEE AWARD SHOULD BE DETERMINED UNDER THE PERCENTAGE-OF-RECOVERY METHOD WITH A LODESTAR CROSS-CHECK

It is well settled that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). "Fees and expenses are paid from the common fund so that all Class Members contribute equally towards the costs associated with litigation pursued on their behalf." *In re Telik, Inc. Sec. Litig.,* 576 F. Supp. 2d 570, 585 (S.D.N.Y. 2008). "Awarding counsel fees in such cases also serves the salutary purpose of encouraging counsel to pursue meritorious claims on behalf of a class of individuals who could not afford to litigate their individual claims." *Steiner v. Williams*, 2001WL 604035, at *1 (S.D.N.Y.2001).

The trend in the Second Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases like this one. *McDaniel v, County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir.2005); *Reyes v. Altamarea Group, LLC,* 2011 WL 4599822 (S.D.N.Y.2011). Although the Court has discretion to award attorneys' fees based on the lodestar method or the percentage-of-recovery method, *McDaniel, 595 F.3d at* 417, in wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award*, Sewell v. Bovis Lend Lease, Inc.*, 2012 WL 1320124, at *13 (S.D.N.Y. 2012); *Reyes*, 2011 WL 4599822, at *7. Fee awards in wage and hour cases are meant to "encourage members of the bar to

3

provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg,* 2010 WL 69359, at 3 (S.D.N.Y.2010). The FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights. Reyes, 2011 WL 4599822, at *7; *Sand*, 2010 WL 69359, at *3. Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill the private attorney general role must be adequately compensated for their efforts. *Reyes*, 2011 WL 4599822, at *7; Sand, 2010 WL 69359, at *3. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Reyes*, 2011 WL 4599822, at *7; *Sand*, 2010 WL 69359, at *3 ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

In this case, where the parties were able to settle relatively early and before any depositions occurred, the percentage method, which avoids the lodestar method's potential to "create a disincentive to early settlement," *McDaniel*, 595 F.3d at 418, is appropriate.

Fee awards representing one third of the total recovery are common in the Second Circuit. *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *2 (S.D.N.Y. 2015). For funds of less than $10MM, "it is very common to see 33% contingency fees." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 991 F. Supp. 2d 437, 445 (E.D.N.Y. 2014) (adopting graduated percentage

fee based on size of common fund and finding reasonable one-third in fees of first $10MM). Indeed, courts in this circuit have consistently found an award of one-third of a common fund to be fair, reasonable and within the range of what is normally awarded class counsel for a settlement of this magnitude. See, e.g., See *Fogarazzo v. Lehman Bros. Inc.*, 2011 WL 671745, at *4 (S.D.N.Y.2011) (awarding one-third of $6.75MM settlement); *Khait v. Whirlpool Corp.*, 2010 WL 2025106, at *8 (E.D.N.Y.2010) (awarding one-third of $9.25MM settlement); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, 2009 WL 5851465, at *5 (S.D.N.Y.2009) (collecting cases awarding over 30% and noting that "Class Counsel's request for 33% of the Settlement Fund is typical in class action settlements in the Second Circuit.").

As a result of the foregoing, the present request for attorneys' fees is "fair and reasonable" (*Wolinsky*, 900 F. Supp. 2d at 335) and "consistent with the norms of class litigation in this circuit." *Gilliam v. Addicts Rehab. Ctr. Fund,* 2008 WL 782596, at *5 (S.D.N.Y. 2008).

II.     Analysis of the Goldberger Factors Demonstrate
         The Reasonableness of the Requested Attorney's Fee

Class action fee awards are evaluated based on the six-factor standard set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Under that standard, the Court must weigh "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id*.

The *Goldberger* Factors are applicable to the court's reasonableness determination whether a percentage-of-fund or lodestar approach is used, see *Wal-Mart,* 396 F.3d at 121 ("Irrespective of which method is used, the `Goldberger factors' ultimately determine the reasonableness of a common fund fee."), and in the latter context, indicate whether a multiplier should be applied to the lodestar.

A.   Risk; Complexity of Litigation

"Among FLSA cases, the most complex type is the `hybrid' action brought here, where state wage and hour violations are brought as an `opt out' class action pursuant to Rule 23 in the same action as the FLSA `opt in' collective action pursuant to 29 U.S.C. § 216(b)." *Siler v. Landry's Seafood House-North Carolina, Inc.*, 2014 WL 2945796 at *9 (S.D.N.Y. 2014).

The most important *Goldberger* factor is often the case's risk. See, e.g., *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 479 (S.D.N.Y. 2013). Here, although named Plaintiffs believe their case was strong, it was subject to considerable risk. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); see also *Velez v. Majik Cleaning Serv., Inc.*, 2007 U.S. Dist. LEXIS 46223, at *19, 2007 WL 7232783 (S.D.N.Y. 2007) (accord).

In the instant litigation, a trial on the merits would have involved significant risks for Plaintiffs as to both liability and damages. Plaintiffs would have to overcome ACL's defense that the Stewards and Galley Stewards are properly

6

exempt from overtime pursuant to the seaman exemption; and further, would have to address ACL's defense—supported in part by a Department of Labor ("U.S. DOL") opinion letter—that each of ACL's cruise ships is a seasonal establishment exempt from the FLSA.

In addition, given the legal opinion that ACL solicited and received from its former counsel, and the U.S. DOL opinion letter supporting their position, Plaintiffs would have to contend with a good faith defense that could severely impact, if not preclude, their recovery. As for complexity, no one can reasonably dispute the fact that this case was considerably complex, both factually and legally.

B.     Quality of Representation; Time Spent by Counsel

In light of the serious risk and the complexity of this case, the quality of representation in this litigation may be measured, in large part, by the results that legal counsel achieved for the Class. Plaintiffs' counsel litigated the case with skill and tenacity, as would be expected to achieve such a result. *Goldberger*, 209 F.3d at 55 ("[T]he quality of representation is best measured by results.") Many courts, including the *Goldberger* court, have expressed, i.e., that "it is not ten times as difficult to prepare, and try or settle a 10-million-dollar case as it is to try a 1-million-dollar case." *Goldberger*, 209 F.3d at 52.

C.     The Lodestar Cross Check Further Supports the Requested Award

Where the percentage-of-the-fund method is used, the Second Circuit, "encourage[s] the practice of requiring documentation of hours as a `cross check' on the reasonableness of the requested percentage," *Goldberger v.*

7

*Integrated Res., Inc.*, supra, 209 F.3d at 50. See also *Cassese v. Williams*, 503 F. App'x 55, 59 (2d Cir. 2012) (summary order); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007). When the lodestar is "`used as a mere cross-check' to a percentage fee calculation, the `hours documented by counsel need not be exhaustively scrutinized by the district court.'" *Cassese v. Williams*, 503 F. App'x 55, 59 (2d Cir. 2012) (summary order), quoting *Goldberger*, supra, 209 F.3d at 50.

In support of their application for fees, Plaintiffs' counsel have submitted computerized compilations of contemporaneous time records describing how they spent the hours for which fees are sought (Blau Decl.,Exhibit "4" ).  Such summary transcriptions of contemporaneous time records have been found to satisfy the requirements set forth above. See, e.g., *Cruz v. Local Union No. 3 of Int'l Bhd. Of Elec. Workers,* 34 F.3d 1148, 1160 (2d Cir. 1994) (accepting a "typed listing of [attorneys'] hours from their computer records," in lieu of contemporaneous records, where the record showed that the attorneys "made contemporaneous entries as the work was completed, and that their billing was based on these contemporaneous records"); *Tri-Star Pictures, Inc. v. Unger*, 42 F. Supp. 2d 296, 302-03 (S.D.N.Y. 1999) (Edelstein, D.J.) ("The actual original time sheets are not necessary; submitting an affidavit and attaching a computer printout of the pertinent contemporaneous time records is acceptable."); *Lenihan v. City of New York*, 640 F. Supp. 822, 824 (S.D.N.Y. 1986) (Conner, D.J.) ("The Court routinely receives computerized transcriptions of contemporaneous time

records from firms whose billing records are maintained in computers" as "a form convenient for the Court.").

i.      The Lodestar

Plaintiffs' counsel claim a lodestar of $229,630.00.  This figure is based on a total of 416.70 hours of work: 234.00 hours by Steven Bennett Blau, Esq., (partner) at a rate of $575 per hour ($134,550.00); 118.80 hours by Bruce E. Newman, Esq., (partner) at a rate of $575 per hour ($68,310.00); 33.4 hours by Shelly A. Leonard, Esq.,(partner) at a rate of $ 475 per hour ($15,865.00); and 30.50 hours by Cheryl Cassella, Esq.,(associate) at a rate of $350 per hour ($10,675.00) (Blau Decl., ¶33, Exhibits "4" and "5").

Class counsel submit that both their rates and the number of hours they expended are reasonable.  Further, that the 1.21 multiplier that they seek is well within the range of multipliers awarded by Courts in the Second Circuit and is reasonable in light of the complexity of the litigation, the contingent nature of the case, counsel's skill and the additional time they will expend implementing, monitoring, explaining and enforcing the settlement. See, e.g., *In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577, at *27 (S.D.N.Y. 2002) (a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11cv520 (JLC), 2012 WL 651640, at *4 (S.D.N.Y. Feb. 24, 2012) (granting attorneys' fees equal to 6.8 times lodestar); *Davis v. JP. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 184-86 (W.D.N.Y. 2011) (awarding multiplier of 5.3 in wage and hour class action); Maley

9

*v. Del Global Techs. Corp.,* 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) ("modest multiplier" of 4.65 in wage and hour class action was "fair and reasonable").

D.   Class Counsel's Hourly Rates Are Reasonable for this District

A reasonable hourly rate is based on "the prevailing market rates in the relevant community," for "similar services by lawyers of reasonably comparable skill, experience, and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). An inquiry into the reasonableness of an hourly rate may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012). The Second Circuit utilizes the "forum rule," which requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)

Current hourly rates, rather than historic hourly rates, are used in calculating the lodestar figure.  See *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) ("The rates used by the court should be current rather than historic hourly rates."); *In re Generics Corp. of Am. Sec. Litig.,* 1980 WL 1468, at *2 (S.D.N.Y. 1980) ("Although the hourly rates charged by these attorneys have increased since the outset of this litigation, the use of current rates is appropriate to compensate for the delay in receiving compensation, inflationary losses, and the loss of interest.").

Plaintiffs' lead counsel, Steven Bennett Blau and Bruce Newman, enjoy nationwide reputations. Attorney Blau is a preeminent AV rated attorney who has

10

experience not only litigating these types of actions but also serving as a mediator for wage and hour disputes.  Attorney Newman has achieved a number of distinctions as an employment litigator, and has significant class action practice experience. Counsels' hourly rates, educational and professional qualifications, and years of experience have been submitted in detail to the Court. (Blau Affidavit, Exhibit "5"). Counsels' rate of $575.00 per hour is in line with rates that have been approved for other FLSA employment law litigators in district courts in this Circuit. See, e.g*., Kovach v. City Univ. of New York,* 2015 WL 3540798, at *3 *5 (S.D.N.Y. 2015) (approving hourly rate of $700 for partner and $250 to $400 for associates); *Rozell v. Ross-Holst,* 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (approving fees of $600 for partners, $350 for senior associates, and $250 for junior associates). Also see, *Genger v. Genger*, 2015 WL 1011718, at *1 (S.D.N.Y. 2015) (noting that in recent years, New York district courts have approved experienced law firm partners in the range of $500 to $800 per hour, law firm associates between $200 and $450, and paralegals up to $200 per hour).

Accordingly, Counsel's hourly rate is reasonable and should be used in calculating the lodestar.


E.     Class Counsel's Requested Hours Are Reasonable.

The hourly rates requested by counsel, which range from $350 to $575, are consistent with reasonable hourly rates awarded in this district for lawyers with similar experience.  The hourly rates used in making a fee award should be "what

a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007). This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); accord *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). In determining reasonable hourly rates, a court should first examine the attorneys' experience. *Kahlil v. Original Old Homestead Rest., Inc.*, supra, 657 F. Supp. 2d at 475. In determining a reasonable hourly rate, the court should not only consider the rates approved in other cases in the District, but should also consider any evidence offered by the parties. *Farbotko v. Clinton Cty.*, 433 F.3d 204, 208-09 (2d Cir. 2005). The Court is also free to rely on its own familiarity with prevailing rates in the District. *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 82 n.16 (2d Cir. 2005); *Miele v. New York State Teamsters Conference Pension & Ret. Fund,* 831 F.2d 407, 409 (2d Cir. 1987).

In determining the reasonable number of hours expended, the court "should look at the amount of time spent on each task, and then decide how much of that time was reasonably expended given `the scope and complexity of the particular litigation.'" *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 256 (S.D.N.Y. 2012) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1146 (2d Cir. 1983)). The court is obligated to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998) (quoting Hensley, 461 U.S. at 434). The question,

however, "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992).

Exhibit "5" to the Blau Declaration describes the experience and qualifications of each attorney who billed time to the litigation. These include the attorneys' law school graduation dates, bar admissions, years of practice, and experience in employment litigation.

Class counsel prevailed on all claims and secured a significant recovery, despite the impediment of real risks to Plaintiffs, as to both liability and damages. Class Counsel spent 416.70 hours litigating this case and have compiled contemporaneous and standardized time records that identify the general subject matter of each time expenditure for which a reasonable award of attorney's fees is sought. These hours were necessary and reasonable in the prosecution of this case and are accurate reflections of counsels' true time expenditures. There are no billable hours which are excessive, redundant, or otherwise unnecessary. Plaintiffs' counsel has exercised billing discretion by eliminating duplicative time; and any time that could conceivably be criticized as being spent inefficiently. (Blau Decl. ¶32,36).

F.     The Risk Multiplier Is Reasonable.

Given the excellent result obtained for the Plaintiffs and Class Members, as well as the risk undertaken, Counsel is entitled to the modest risk multiplier of 1.21 sought by this settlement. See *Meredith Corporation v. SESAC, LLC*, 2015

WL 728026, at *15 ("[A multiplier] is commonly justified on the ground that counsel risked money and time, and may have foregone other engagements and clients, to pursue an uncertain representation of the class."). Class Counsel's lodestar currently is $229,630.00, and the fee sought in the amount of $280,000.00.  Because "`class counsel will be required to spend significant additional time on this litigation in connection with implementing and monitoring the settlement, and explaining the settlement and tax consequences to numerous class members who will undoubtedly contact class counsel by phone and e-mail, the multiplier will actually be significantly lower' because the award includes not only time spent prior to the award, but after in enforcing the settlement." *Sewell,* 2012 WL 1320124, at *13 (quoting *Bellfemine v. Sancdi-Aventis US. LLC*, 2010 WL 3119374, at *6 (S.D.N.Y.2010).

The risk multiplier of 1.21 sought by this settlement falls on the far low end of multipliers approved in other cases.  See e.g., *Velez v. Novartis Pharms. Corp.*, 2010 WL 4877852 (S.D.N.Y.2010) at *23 ("[M]ultiplier [of 2.4] falls well within (indeed, at the lower end) of the range of multipliers accepted within the Second Circuit."); *In re Lloyd's Am. Trust Fund Litig.,* 2002 WL 31663577, at *27 (S.D.N.Y. 2002) (finding a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within [the Second] Circuit");  *Maley v. Del Global Technologies Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (finding a "modest multiplier of 4.65 is fair and reasonable.");Ramirez v. Lovin' Oven Catering Suffolk, Inc., 2012 WL 651640, at *4 (S.D.N.Y. 2012) (granting attorneys' fees equal

to 6.8 times lodestar); *Davis v. JP. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 184-86 (W.D.N.Y. 2011) (awarding multiplier of 5.3 in wage and hour class action).

Accordingly, Class Counsel's requested fees are reasonable and should be approved.

G.     Costs

Class counsel also seek reimbursement of costs of $ 3579.00 in connection with their representation of Plaintiffs and the Class. (Blau Decl., Ex. 6).

"It is well established that 'reimbursement of expenses to counsel to create a common fund is appropriate.'" *In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *14 (D.Conn. Aug. 20, 2012) (collecting cases) (quoting *In re EVCI Career Colleges Holding Corp.Sec. Litig.,* 2007 WL 2230177, at *18 (S.D.N.Y. July 27, 2007)); see also *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F.Supp.2d 180, 183 n. 3 (S.D.N.Y.2003) (court may compensate class counsel for reasonable expenses necessary to the representation of the class).

The requested expenses were all incurred in service to the Class and should be fully compensable.

### III.  CONCLUSION

For the reasons set forth above, Class Counsel and Class Plaintiffs respectfully request that the Court grant this motion and (1) award Class Counsel attorneys' fees in the amount $ 280,000.00 and (2) award expenses of $3,579.00.

                                   Respectfully submitted,

                                   **NICOLE MCCORMICK, JESUS ESTRADA AND JUSTICE KIMMONS**

                                   By_____/s/_____
                                       **Bruce E. Newman**
                                       **Brown, Paindiris & Scott, LLP**
                                       **747 Stafford Avenue**
                                       **Bristol, CT 06011-0575**
                                       **Tel.  (860) 583-5200**
                                       **Fax  (860) 589-5780**
                                       **Federal Bar No.: CT 12301**

                                     **BLAU, LEONARD LAW GROUP, LLC**
                                     **Steven Bennett Blau**
                                     **23 Green Street, Suite 303**
                                     **Huntington, NY 11743**
                                     **(631) 458-1010**
                                   **slau@blauleonardlaw.com**